In re NATIONAL CENTURY FINAN-
CIAL ENTERPRISES, INC., an Ohio
corporation, et al., Debtors.

Amedisys, Inc., et al., Plaintiffs,

v.

JP Morgan Chase Manhattan Bank,
as Trustee, et al., Defendants.

Bankruptcy No. 02–65235.
Adversary No. 02–2576.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 20, 2003.

Charles M. Oellermann, Joseph M. Wi-
talec, Jones, Day, Reavis & Pogue, Colum-
bus, OH, Ernest B. Williams, Nashville,
TN, Jeff J. Marwil, John P. Sieger, Peter
Young, Chicago, IL, Kathy D. Patrick,
Sydney Ballesteros, Houston, TX, Paul R.
Brown, Columbus, OH, for Debtors.

Dean P. Wyman, Office of U.S. Trustee,
Cleveland, OH, for U.S. Trustee.

Sam J. Alberts, Washington, DC, Susan
L. Rhiel, Columbus, OH, for Great South-
east Community Hosp. Corp.

Amanda C. Ellis, Worcester, MA, for
New England Home Therapies Inc.

Leon Friedberg, Columbus, OH, Nancy
V. Alquist, Baltimore, MD, Tobey M. Da-
luz, Wilmington, DE, Vincent J. Marriott,
Philadelphia, PA, for Official Unsecured
Creditor Committee.

*ORDER ON MOTION TO COMPEL ING
CAPITAL MARKETS LLC TO
COMPLY WITH SUBPOENA AND
MOTION TO QUASH DEPOSITION
SUBPOENA AND FOR PROTEC-
TIVE ORDER*

DONALD E. CALHOUN, JR.,
Bankruptcy Judge.

This matter came before the Court for
hearing upon Plaintiffs' Amedisys, Inc.'s

Motion to Compel ING Capital Markets LLC to Comply With Subpoenas, the Motion of ING to Quash Deposition Subpoenas and For Protective Order, and related responsive pleadings filed under seal and subject to a protective order.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Before getting to the legal analysis, a brief factual and procedural history is in order.

## I. CASE PROCEDURAL HISTORY

On November 8, 2002, Plaintiffs commenced an action in the United States District Court, Southern District of Ohio, Eastern Division (Civ. No. C2 02 1105) against JP Morgan Chase Manhattan Bank ("Trustee"), NPF VI, NPFS, NCFE and Lance Poulsen. Within the complaint, Plaintiffs demanded, *inter alia*, the turnover of $7.3 million which purportedly represented the proceeds of non-purchased accounts receivable. On November 18, 2002, National Century Financial Enterprises, Inc. and its related subsidiaries filed their Chapter 11 petitions within this Court. On or about December 19, 2002, the United States District Court for the Southern District of Ohio, Eastern Division, transferred to this Court the proceeding pending before it. That transferred case was assigned Adversary Proceeding No. 02–2576.

On February 19, 2003, this Court held a status conference regarding the transferred case. On February 21, 2003, the Plaintiffs filed their First Amended Complaint. The Defendants named in the First Amended Complaint were JP Morgan Chase Manhattan Bank, as Trustee, NPF VI, Inc., National Century Financial Enterprises, Inc., and National Premier Financial Services, Inc. However, the First Amended Complaint did remove JP Morgan as a defendant to certain causes of action. ING Capital Markets LLC was not named as a defendant in the First Amended Complaint.

### A. *Relief Sought in Adversary Proceeding*

In Count One of the First Amended Complaint, Plaintiffs seek a declaratory judgment against all the Defendants. Plaintiffs seek entry of a declaratory judgment declaring the parties' respective rights and obligations, including, *inter alia*, the parties' respective rights and obligations under the sale agreements, the Trust Agreement and related documents, and the parties' respective rights and obligations in connection with the funds in the possession or control of the Trustee for the NCFE entities. (First Amended Complaint, p. 13).

In Count Two of the First Amended Complaint, Plaintiffs seek a declaration from this Court declaring that the Plaintiffs' cash in possession or control of the Trustee or the NCF entities—approximately $7.3 million—is an unjust enrichment to Defendants occurring by mistake or fraud. (First Amended Complaint, p. 14). In Count Three of the First Amended Complaint, Plaintiffs seek a turnover and return of Amedisys' funds in the amount of at least $7,337,569.00. (First Amended Complaint, p. 14).

In Count Four of the First Amended Complaint, Plaintiffs seek a determination that the NCFE entities have specifically breached the sale agreements by failing, *inter alia*, to timely and properly return funds to the Amedisys entities, failing to properly maintain the lock box accounts, failing to properly maintain a detailed accounting record of all deposits and withdrawals from the reserve accounts, and improperly allocating, distributing and

commingling such funds. (First Amended Complaint, p. 15). In Count Five of the First Amended Complaint, Plaintiffs seek specific performance mandating that the NCFE entities remit not less than the $7,337,569.00 amount to the Amedisys entities. (First Amended Complaint, pp. 15–16). In Count Six of the First Amended Complaint, Plaintiffs request a judgment entry determining that the NCFE entities have breached their fiduciary duties by failing and refusing to take actions to ensure the distribution of funds to the Amedisys entities. (First Amended Complaint, p. 16).

In Count Seven of the First Amended Complaint, Plaintiffs seek a judgment determining that the NCFE entities made fraudulent and misleading representations upon which the Plaintiffs relied. The allegations in Count Seven are against all Defendants, except the Trustee. (First Amended Complaint, pp. 16–17).

In Count Eight of the First Amended Complaint, Plaintiffs seek an order for accounting of books and records from all named Defendants. (First Amended Complaint, p. 17). In Count Nine of the First Amended Complaint, Plaintiffs seek an order removing NPFS as a servicer. The allegations in Count Nine only are against Defendant NPFS. (First Amended Complaint, p. 18). Finally, in Count Ten of the First Amended Complaint, Plaintiffs seek entry of an order determining that the diversion and pledging of certain funds resulted in an intentional conversion of funds that are property of the Plaintiffs, contrary to the sale agreements and trust agreement, for which, as a proximate and direct result, Plaintiffs have been irreparably harmed. The allegations in Count Ten are against all Defendants, except the Trustee. (First Amended Complaint, p. 18).

## B.  *Discovery Dispute*

On June 12, 2003, the Plaintiffs issued certain subpoenas: (a) a subpoena *duces tecum* directed to ING; (b) a deposition subpoena directed to Robert Novick; (c) a deposition subpoena directed to John Costa; and (d) a Federal Rule of Civil Procedure 30(b)(6) subpoena directed to ING. Based upon their representations, the parties to this discovery dispute seem to be in agreement that the subpoenas sought documents relating to four (4) separate topics: (a) Amedisys, (b) the conditions under which NPF VI, National Century Financial Services, Inc., National Century Financial Enterprises, Inc., or JP Morgan would release funds to third parties; (c) the conditions or criteria for NPF VI to purchase accounts receivable from third parties; and (d) an approximately $47 million amortization payment paid by JP Morgan to ING in November, 2002. At the hearing, the parties represented that as a result of certain discussions between Plaintiffs and ING, ING has agreed to produce certain non-privileged and non-confidential documents responsive to the first three topics set forth above. ING agreed to produce these documents in order to be cooperative and to show its good faith. However, a dispute still remains regarding ING's production of documents related to the payment JP Morgan made to ING in November of 2002. ING maintains that such documents are completely irrelevant to the issues in this case.

Further, ING contends that Mr. Costa and Mr. Novick have no knowledge concerning the demands made by the Plaintiffs for approximately $7.3 million. ING further states and contends that it is undisputed that JP Morgan has funds in its accounts far in excess of the $7.3 million demanded by the Plaintiffs. To the extent that the Plaintiffs prove their entitlement to any portion of the demanded $7.3 million, ING contends that JP Morgan has

sufficient funds to satisfy the judgment. Therefore, ING contends that any payments made to it are irrelevant to the outcome of the adversary proceeding pending before this Court. ING contends that since the persons noticed for deposition are without knowledge concerning the underlying facts in this litigation, they should not be burdened with the obligation to appear for depositions in this case.

## II. *ANALYSIS*

█ This Court has reviewed the motions, the responses, and the depositions and documents submitted in support of ING's position and Amedisys' position. Many of these documents have been filed under seal pursuant to a protective order entered into between the relevant parties involved in this issue. Therefore, the Court will not specifically identify or disclose passages from depositions and documents filed under seal.

In reviewing the depositions and documents filed under seal, the Court does not find any passages that state or cause the Court to conclude that ING made any determination as to whether or not Amedisys would be paid. The crux of the ING communications as presented in the depositions dealt with ING's declaration of a principal amortization event. In reviewing the First Amended Complaint, the Defendants' answers, and the issues raised within this adversary proceeding, the Court cannot find the relevance of ING's declaration of a principal amortization event as relating to allegations contained within the Ten Counts of the First Amended Complaint.

█ The Court is well aware that the scope of discovery is broad. It is well settled that a motion to compel discovery should be granted when the discovery sought is both relevant and proper. *See, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). However, a motion to compel discovery should not be granted when the Court is unable to find that the discovery sought is both relevant and proper. In this particular case, the Court does not find that the information sought by Amedisys is such.

## III. *CONCLUSION*

Therefore, the Court hereby GRANTS ING Capital Market LLC's Motion to Quash Deposition Subpoenas and For Protective Order. The Court hereby QUASHES the document subpoena to the extend that it requires production of documents relating to the amortization payment made to ING in November 2002, and all other items in the document subpoena not specifically agreed to by the parties as represented to this Court. Further, the Court hereby QUASHES the deposition subpoenas in their entirety. Accordingly, the Plaintiff Amedisys, Inc.'s Motion to Compel is DENIED.

IT IS SO ORDERED.